IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **CORNELIUS SMITH** | § § § § § | **CIVIL ACTION NO. 2:24-cv-00003** |
| **VS.** | § § § § § | **JURY DEMANDED** |
| **PRIME CEREAL, LLC, SERIES ONE OF PRIME CEREAL, LLC DBA THE LOCAL WASH AND THOMAS KNAPP** | § § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

### INTRODUCTION

1. Pursuant to 29 USC § 207 ("FLSA"), the named plaintiff alleges violations of his statutory employment right to receive overtime pay from Defendants, Prime Cereal, LLC, Series One of Prime Cereal, LLC and Thomas Knapp doing business as The Local Wash (Hereinafter collectively "The Local Wash") as a result of its failure to pay Plaintiff overtime wages. Defendants misclassified Plaintiff as an exempt employee and failed to pay him overtime compensation as required by the FLSA.

2. The Local Wash suffered or permitted Plaintiff to work more than 40 hours in a work week but did not pay him overtime wages. Instead, Defendants paid Plaintiff an hourly rate with no compensation for hours worked over 40 in each work week.

3. Defendants' failure to pay overtime to Plaintiff violates the FLSA. 29 U.S.C. § 207(a).

## PARTIES

4. Plaintiff, Cornelius Smith ("Smith"), is a resident of Panola County, Texas.

5. Defendant, Prime Cereal, LLC is a Texas limited liability company doing business in the Eastern District of Texas with its principal place of business at 1203B E Grand Ave # 261, Marshall, Texas 75670-3562. Defendant Prime Cereal, LLC may be served by delivering a copy of this complaint to its registered agent for service, Thomas Knapp at 1203B E Grand Ave # 261, Marshall, Texas 75670-3562.

6. Defendant, Series One of Prime Cereal, LLC is a Texas limited liability company doing business in the Eastern District of Texas with its principal place of business at 1203B E Grand Ave # 261, Marshall, Texas 75670-3562. Defendant Series One of Prime Cereal, LLC may be served by delivering a copy of this complaint to its registered agent for service, Thomas Knapp at 1203B E Grand Ave # 261, Marshall, Texas 75670-3562. Defendant, Thomas Knapp may be served at 1203B E Grand Ave # 261, Marshall, Texas 75670-3562.

## JURISDICTION AND VENUE

7. This court has jurisdiction by virtue of 28 USC §§ 1331, and 1391. The Defendant's operation in Marshall, Texas is located within the Eastern District of Texas and the Court has subject matter jurisdiction and personal jurisdiction to hear the case. *See* 29 U.S.C. 201, et seq.

## FACTS

8. Plaintiff was employed by The Local Wash in Marshall, Texas. His job at The Local Wash was as a car wash attendance under the direct supervision of employees/owners of The Local Wash. Plaintiff's job duties consisted of operating the car wash locations of the business, but his duties did not qualify him for any exemption under the FLSA to the duty to pay him overtime wages.

9. Plaintiff was not required to clock in/clock to record his worktime. Plaintiff worked approximately 65 hours per week. Plaintiff was not paid overtime wages; however, the work he did for The Local Wash was not exempt as defined under 29 CFR part 451. The evidence at trial will show that Plaintiff was not paid overtime wages at one and one-half times his regular hourly rate for all hours worked in excess of 40 hours in a work week.

10. Defendants did not keep all records of Plaintiff's hours worked as required by the FLSA. Consequently, Plaintiff may establish his hours worked through his testimony and Defendants will have the burden to come forward evidence to refute his claim of hours worked.

11. Plaintiff believes and, therefore, alleges that the failure of The Local Wash to pay Plaintiff and all those similarly situated for overtime pay was intentional.

## CLAIMS

12. The Fair Labor Standards Act (29 U.S.C. § 201, *et seq.*) is commonly referred to as "FSLA." Among other things, the FSLA statutes and the regulations promulgated thereunder govern the activities of the pay practices of employers involved in commerce. Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated for all hours worked is a direct violation of the FLSA statutes and regulations. Additionally, Plaintiff alleges that the failure to pay Plaintiff and all those similarly situated one and one-half his regular rate for all hours worked in excess of 40 hours in a work week is a direct violation of the FLSA statutes and regulations. Plaintiff and all those similarly situated are entitled to receive the unpaid wages due him, liquidated damages, costs, and attorneys' fees.

## JURY DEMAND

13. Plaintiff, individually and as a representative of the class, requests a jury trial.

## **PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the class be certified, and that the Plaintiff and each member of the class recover from The Local Wash the following:

1. The unpaid wages due to Plaintiff;
2. Liquidated damages authorized by the applicable statutes;
3. Unpaid wages due to Plaintiff;
4. Liquidated damages to Plaintiff;
5. Court costs;
6. Attorneys' fees; and
7. Such other and further relief as the Court deems just.

Respectfully submitted,

HOMMEL LAW FIRM PC

/s/*William S. Hommel, Jr.*
William S. Hommel, Jr.
State Bar No. 09934250
bhommel@hommelfirm.com
5620 Old Bullard Road, Suite 115
Tyler, Texas 75703
903-596-7100 Telephone/Facsimile

ATTORNEY FOR PLAINTIFF